**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ELBERT CRADDIETH, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No. 21-cv-02482 |
| v. | ) | |
| | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC., | ) | |
| TRANSUNION LLC., and | ) | |
| OPORTUN, INC., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## COMPLAINT

Plaintiff, Elbert Craddieth, brings this action under the Fair Credit Reporting Act, 15

U.S.C. § 1681, *et seq*. ("FCRA"), for a finding that Defendants' actions violated the FCRA and

to recover damages for Defendants' violations of the FCRA, and alleges:

### JURISDICTION AND VENUE

1.    Jurisdiction arises under the Fair Credit Reporting Act 15 U.S.C. §1681, et. seq.,

and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

2.    Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### STANDING

3.    Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and

that is likely to be redressed by a favorable decision in this matter.

4.    Specifically, Plaintiff suffered a concrete injury and harm to his reputation as a

result of Defendant sharing of false information regarding an alleged debt. *Evans v. Portfolio*

*Recovery Associates,* 889 F.3d 337, 344 (7th Cir. 2018).

5.     Plaintiff has thus suffered an injury as a result of Defendant's conduct, and suffered harm to her reputation, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6.     Plaintiff, Elbert Craddieth ("Plaintiff"), is a resident of the State of Illinois, and a "consumer" as that term is defined at 15 U.S.C. § 1681a(c) of the FCRA.

7.     Defendant, Experian Information Solutions, Inc. ("Experian"), is a corporation formed under the laws of the State of Ohio that that regularly conducts business throughout every state and county in the United States and is registered to do business in Illinois. Experian's registered agent is C T Corporation System, located at 208 S LaSalle Street, Suite 814, Chicago IL 60604.

8.     Experian regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties and uses interstate commerce to prepare and/or furnish consumer reports. Accordingly, at all relevant times Experian was a "consumer reporting agency" as that term is defined at 15 U.S.C. § 1681a(f).

9.     TransUnion, LLC, ("TransUnion"), is a Delaware limited liability company that regularly conducts business throughout every state and county in the United States. It does

business in Illinois and its registered agent is Illinois Corporation Service Co, located at 801

Adlai Stevenson Drive, Springfield, Illinois 62703.

10.     TransUnion regularly assembles and/or evaluates consumer credit information for

the purpose of furnishing consumer reports to third parties and uses interstate commerce to

prepare and/or furnish consumer reports. Accordingly, at all relevant times TransUnion was a

"consumer reporting agency" as that term is defined at 15 U.S.C. § 1681a(f).

11.     Oportun, Inc. ("Oportun") is a Delaware Corporation. It does transact business in

Illinois and its registered agent is Illinois Corporation Service Co, located at 801 Adlai

Stevenson Drive, Springfield, Illinois 62703.

## FACTUAL ALLEGATIONS

12.     According to Defendants, Plaintiff incurred a delinquent debt allegedly owed for a

Oportun account, based on information furnished by Oportun ("alleged debt").

13.     However, the credit information reported by Oportun was incorrect.

14.     Oportun has been reporting monthly payments made by Plaintiff since April 2020

of $56.00 where Plaintiff has not made any payments since the account was charged off in 2018.

15.     These incorrect payment notations have the effect of making the account appear

to be actively in repayment, when in fact, Plaintiff disputes the account.

16.     Moreover, each payment resets the statute of limitations on the account for

another five years under Illinois law, extending the amount of time Plaintiff can be sued on the

account.

17.     In response to Defendants inaccurate credit reporting, Plaintiff sent a letter to

Experian and TransUnion, notifying them that he had not made any payments on the Oportun

account since 2018 and requesting that they correct the tradeline.

18.     Experian and TransUnion did not respond to the disputes.

19.     However, after obtaining copies of his recent credit reports, Plaintiff discovered that Experian and TransUnion are each still reporting Oportun's inaccurate tradeline along with the monthly payments.

20.     Because Plaintiff has not made any payments on the Oportun account since it was charged off, the information being reported by Experian and TransUnion is false and misleading.

21.     Experian and TransUnion have been notified that their tradelines contain inaccurate information but each failed to reasonably investigate the matter.

22.     Experian and TransUnion continue to report monthly payments to date, as recently as April 2021.

**COUNT I—UNREASONABLE REINVESTIGATION—EXPERIAN**

23.     Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

24.     On March 23, 2021, Plaintiff, through counsel, sent letters to Experian via first class and certified mail, stating that inaccurate information is being reported on his credit report, and asking that the account be corrected. (Exhibit A, Experian Dispute).

25.     Experian received Plaintiff's dispute.

26.     To date, Experian continues to report the tradeline on the account.

27.     The tradeline lists numerous inaccuracies.

28.     Despite the foregoing, Experian has disseminated credit reports and/or information that Plaintiff owes the foregoing Account.

29.     Experian has been reporting inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties.

30. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

31. Upon information and belief, within five days of Plaintiff disputing the inaccurate information with Experian, Experian notified the furnisher of Plaintiff's dispute and the nature of the dispute.

32. Upon information and belief, Experian updated the reporting of the inquiry at issue solely based upon the information it received from the furnisher in response to Plaintiff's dispute.

33. Despite Plaintiff's efforts to date, Experian has nonetheless deliberately, willfully, intentionally, recklessly, and negligently failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, and has continued to report the inaccurate information about Plaintiff.

34. Plaintiff has been damaged, and continues to be damaged, in the following ways:

   A. Adverse credit action;

   B. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

   C. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people, both known and unknown;

   D. Denial of credit, loans, financing and/or other damages, not yet known by Plaintiff; and,

   E. Decreased credit score which may result in inability to obtain credit or favorable terms on future attempts.

35. At all times pertinent hereto, the conduct of Experian, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

5

36. 15 U.S.C. § 1681i(a) of the FCRA provides as follows:

**Reinvestigation required**

**. . . if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate. . . .**

37. Experian willfully or negligently failed to conduct a proper and reasonable reinvestigation concerning the inaccurate information in Plaintiff's credit report after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. 1681i(a)(1).

38. 15 U.S.C. § 1681i(a) of the FCRA provides as follows:

**Prompt notice of dispute to furnisher of information**

**. . . Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. . . .**

39. Experian willfully or negligently failed to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing agency, in violation of 15 U.S.C. § 1681i(a)(2).

40. 15 U.S.C. § 1681i(a) of the FCRA provides as follows:

**Consideration of consumer information**

**In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.**

41.     Experian willfully or negligently failed to consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. § 1681i(a)(4).

42.     15 U.S.C. § 1681i(a) of the FCRA provides as follows:

> **Treatment of inaccurate or unverifiable information**
>
> **. . . If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall—**
>
> **(i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and. . . .**

43.     Experian willfully or negligently failed to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. § 1681i(a)(5).

44.     15 U.S.C. § 1681e(b) of the FCRA provides as follows:

> **Accuracy of report**
>
> **Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.**

45.     Experian willfully or negligently failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. § 1681e(b).

46.     The conduct of Experian was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Experian is liable to Plaintiff for the full amount of statutory and actual

damages, along with attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendants as follows:

        A.      Actual damages pursuant to 15 U.S.C.A § 1681n and 15 U.S.C.A. § 1681o;

        B.      Statutory damages pursuant to 15 U.S.C.A. §1681n;

        C.      Costs and attorney's fees pursuant to 15 U.S.C.A. § 1681n and § 1681o

        D.      Such other or further relief as the Court deems proper.

**COUNT II—UNREASONABLE INVESTIGATION—TRANSUNION**

47.    Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

48.    On March 23, 2021, Plaintiff, through counsel, sent letters to TransUnion via first class and certified mail, stating that inaccurate information is being reported on his credit report, and asking that the account be corrected. (Exhibit B, TransUnion Dispute).

49.    TransUnion received Plaintiff's disputes.

50.    To date, TransUnion continues to report the tradeline on the account.

51.    The tradeline lists numerous inaccuracies.

52.    TransUnion has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties.

53.    The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

54.    Plaintiff disputed the inaccurate information with TransUnion via regular U.S. mail and certified mail, and by following TransUnion's established procedure for disputing consumer credit information.

55. Upon information and belief, within five days of Plaintiff disputing the inaccurate information with TransUnion, TransUnion notified the furnisher of Plaintiff's dispute and the nature of the dispute.

56. Upon information and belief, within five days of Plaintiff disputing the inaccurate information with TransUnion, the furnisher received notification from TransUnion of Plaintiff's dispute and the nature of the dispute.

57. Upon information and belief, TransUnion updated the reporting of the inquiry at issue solely based upon the information it received from the furnisher in response to Plaintiff's dispute.

58. Despite Plaintiff's efforts to date, TransUnion has nonetheless deliberately, willfully, intentionally, recklessly, and negligently failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to note the disputed status of the inaccurate information and has continued to report the derogatory inaccurate information about Plaintiff.

59. Plaintiff has been damaged, and continues to be damaged, in the following ways:

   a. Adverse credit action;

   b. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

   c. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people, both known and unknown;

   d. Denial of credit, loans, financing and/or other damages, not yet known by Plaintiff; and,

   e. Decreased credit score which may result in inability to obtain credit or favorable terms on future attempts.

60.     At all times pertinent hereto, the conduct of TransUnion, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

61.     15 U.S.C. § 1681i(a) of the FCRA provides as follows:

**Reinvestigation required**

**. . . if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate. . . .**

62.     TransUnion willfully or negligently failed to conduct a proper and reasonable reinvestigation concerning the inaccurate information in Plaintiff's credit report after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. 1681i(a)(1).

63.     15 U.S.C. § 1681i(a) of the FCRA provides as follows:

**Prompt notice of dispute to furnisher of information**

**. . . Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. . . .**

64.     TransUnion willfully or negligently failed to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing agency, in violation of 15 U.S.C. § 1681i(a)(2).

65.     15 U.S.C. § 1681i(a) of the FCRA provides as follows:

**Consideration of consumer information**

**In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer**

**reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.**

66.     TransUnion willfully or negligently failed to consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. § 1681i(a)(4).

67.     15 U.S.C. § 1681i(a) of the FCRA provides as follows:

**Treatment of inaccurate or unverifiable information**

**. . . If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall—**

**(i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and. . . .**

68.     TransUnion willfully or negligently failed to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. § 1681i(a)(5).

69.     15 U.S.C. § 1681e(b) of the FCRA provides as follows:

**Accuracy of report**

**Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.**

70.     TransUnion willfully or negligently failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. § 1681e(b).

71.     The conduct of TransUnion was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined

more fully above and, as a result, TransUnion is liable to Plaintiff for the full amount of statutory and actual damages, along with attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendant as follows:

A.  Actual damages pursuant to 15 U.S.C.A § 1681n and 15 U.S.C.A. § 1681o;

B.  Statutory damages pursuant to 15 U.S.C.A. §1681n;

C.  Costs and attorney's fees pursuant to 15 U.S.C.A. § 1681n and § 1681o

D.  Such other or further relief as the Court deems proper.

## COUNT III—FURNISHER LIABILITY— OPORTUN, INC.

72.  Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

73.  Upon information and belief, Oportun received from Experian, notice of Plaintiff's dispute by an Automated Consumer Dispute Verification Notice.

74.  Oportun then and there, owed Plaintiff a duty to assist Experian in a re-investigation into the disputed information being reported about Plaintiff by Oportun.

75.  Oportun received notification from Experian that Plaintiff disputed the inaccurate information and the nature of Plaintiff's dispute.

76.  Oportun received notification from TransUnion that Plaintiff disputed the inaccurate information and the nature of Plaintiff's dispute.

77.  Upon information and belief, Oportun received from TransUnion, notice of Plaintiff's dispute by an Automated Consumer Dispute Verification Notice.

78.     Oportun then and there owed Plaintiff a duty to assist TransUnion in a re-investigation into the disputed information being reported about Plaintiff by Oportun.

79.     15 U.S.C. § 1681s-2(b) of the FCRA provides as follows:

**Duties of furnishers of information upon notice of dispute**

**After receiving notice pursuant to section 1681i (a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall—**

**(A) conduct an investigation with respect to the disputed information;**

80.     Oportun willfully and negligently failed to conduct an investigation of the inaccurate information that Plaintiff disputed upon receiving notice of the dispute of the consumer from Experian, and TransUnion, in violation of 15 U.S.C. § 1681s-2(b)(A).

81.     After receiving notice pursuant to section 1681i (a)(2), 15 U.S.C. § 1681s-2(b) of the FCRA provides a furnisher shall:

**. . . (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i (a)(2) of this title;**

82.     Oportun willfully and negligently failed to review all relevant information concerning Plaintiff's account provided by Experian, and TransUnion, in violation of 15 U.S.C. § 1681s-2(b)(1)(B).

83.     After receiving notice pursuant to section 1681i (a)(2), 15 U.S.C. § 1681s-2(b) of the FCRA provides a furnisher shall:

**. . . (C) report the results of the investigation to the consumer reporting agency;**

84.     Oportun willfully and negligently failed to report the inaccurate status of the inaccurate information to Experian, and TransUnion, in violation of 15 U.S.C. § 1681s-2(b)(1)(C).

85.     After receiving notice pursuant to section 1681i (a)(2), 15 U.S.C. § 1681s-2(b) of the FCRA provides a furnisher shall:

> **. . . (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis;**

86.     Oportun willfully and negligently failed to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff, in violation of 15 U.S.C. § 1681s-2(b)(1)(D).

87.     After receiving notice pursuant to section 1681i (a)(2), 15 U.S.C. § 1681s-2(b) of the FCRA provides a furnisher shall:

> **. . . (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—**
>
>> **(i) modify that item of information;**
>> **(ii) delete that item of information; or**
>> **(iii) permanently block the reporting of that item of information.**

88.     Oportun willfully and negligently continued to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate, in violation of 15 U.S.C. § 1681s-2(b)(1)(E).

89.     Oportun willfully and negligently failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

90.     The conduct of Oportun was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Oportun is liable to Plaintiff for the full amount of statutory and actual damages, along with attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendant as follows:

A.     Actual damages pursuant to 15 U.S.C.A § 1681n and 15 U.S.C.A. § 1681o;

B.     Statutory damages pursuant to 15 U.S.C.A. §1681n;

C.     Costs and attorney's fees pursuant to 15 U.S.C.A. § 1681n and § 1681o

D.     Such other or further relief as the Court deems proper.

### JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

By: s/Celetha C. Chatman
One of Plaintiff's Attorneys

Celetha Chatman
Michael Wood
**Community Lawyers LLC**
980 N. Michigan Ave., Suite 1400
Chicago, IL 60611
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com